## Johanna Hengeveld v. Anna M. Stuver.

1. DEBTOR AND CREDITOR—*Position of Creditor Who Takes Land by Execution with Notice of Equitable Claim of a Third Person.*—The position of a party as judgment creditor, who takes land on execution from a debtor with notice of the equitable ownership of another, is no better than it would have been had she with such notice taken title by a conveyance made by such debtor.

**Bill to Remove a Cloud from Title.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinon filed December 16, 1902.

FREDERIC R. DEYOUNG, attorney for appellant.

WILLIAM A. SCHONFELD, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This was an action brought by Anna Stuver to remove the lien and cloud upon her title to certain premises in Cook

county, created by a judgment entered by confession on the 29th day of November, in favor of Johanna Hengeveld against Tunis D. Stuver, and a certificate of sheriff's sale thereon made in January, 1900.

Upon the hearing it appeared that in 1875, appellee then being the wife of Tunis D. Stuver, against whom the judgment entered November 29, 1899, was, a certain lot in Cook county was purchased, the title to the same being, with the knowledge of appellee, taken in the name of her then husband, Tunis D. Stuver. As to by whom payment was made for the lot, the evidence was contradictory. The husband of appellee gave his notes for the deferred payments, and as before stated, the title having been, to the knowledge of appellee, taken in his name, the presumption is that he purchased and paid for the lot, and as against persons dealing with him in good faith, without notice of her claim, upon the strength of his apparent ownership, appellee is concluded by her permitting the title to rest for some twenty-five years as it did. Some ten years prior to the entry of the judgment heretofore mentioned, appellee and her husband separated. Whether she turned him out of the house, and refused to live longer with him, or whether he, without cause, left her, is in dispute.

After the purchase of the lot in question, the parents of Tunis D. Stuver, the then husband of appellee, built a small cottage upon the lot and thereupon lived for many years and up to about the time of their respective deaths. As the parents of Tunis D. Stuver respectively passed away, appellant, their daughter, paid the funeral expenses necessarily incurred and also the purchase price of suitable graves and monuments, the amount so expended by her being about $265; thereupon Tunis D. Stuver agreed with appellant that she might have the rent of said cottage until she was paid for such expenditures. In pursuance of such arrangement, she did rent the house, receiving $119 for two years' occupation of the same. Appellee, learning of this and being no longer supported by her husband, having, as she claims, many years before been abandoned by him,

brought, under the statute, suit in the name of her husband against appellant for the $119 rent theretofore received by appellant. In the justice court in which the suit was brought, appellant interposed as a defense the arrangement between her and Tunis D. Stuver, and also the payment by her made for the funeral expenses, etc., on account of the deceased parents of herself and Tunis D. Stuver. Judgment being rendered against appellant on the hearing before the justice of the peace, she appealed to the Circuit Court, where the same defense was again set up by her, with the result that as before judgment was entered against her for the sum of $119. Appellant claims, and there was evidence tending to show, that for some time prior to the entry of her judgment against Tunis D. Stuver, she had, from time to time, been loaning him small sums of money, he being ill, and unable to pay, without her assistance, necessary bills attendant upon his illness and support.

On the 29th of November, appellant paid the judgment obtained against her by appellee, and as she says, on that day loaned to Tunis D. Stuver a small sum of money, but then insisted that he should give her a note for his indebtedness to her on account of money loaned, and sent him to her attorney to have him prepare a note. Upon that day Tunis D. Stuver gave appellee a judgment note and upon the same day judgment by confession was entered upon this note and execution at once issued thereon, under which the real estate hereinbefore mentioned was sold by the sheriff and purchased by appellant. Two days after the entry of such judgment, to wit, December 1, 1899, appellee filed a bill for divorce against her then husband, Tunis D. Stuver. In this bill she set up that the lot was purchased by her and paid for by her; and that her husband fraudulently caused the title to the same to be taken in his name.

It does not appear that Tunis D. Stuver made any defense to the application for divorce; but by agreement of the parties, the court, in lieu of all claims for alimony and solicitor's fees, entered a decree, transferring all right, title and interest that he, Tunis D. Stuver, had in the said lot " with

Hengeveld v. Stuver.

the cottage thereon" to Anna M. Stuver, "intending to divest the defendant (Tunis D. Stuver) of all right, title and interest of every kind and nature in the premises, and vesting such right, title and interest in the complainant" (Anna M. Stuver). A short time after the entry of this decree, appellee first learned of the entry of said judgment and the sale of said lot thereon to appellant, whereupon, December 3, 1900, she filed her bill to remove the lien and cloud heretofore mentioned.

The court below found, among other things, that the entry of such judgment and sale thereon had, was in pursuance of a fraudulent conspiracy between appellant and Tunis D. Stuver to deceive appellee and deprive her of such right, title, benefit and interest she had in the lot, and might have had secured to her in said divorce proceedings.

The suit was tried upon testimony and evidence adduced in open court before the chancellor, who thus had, as to the testimony of the witnesses appearing before him, a better opportunity for arriving at the truth concerning the matters as to which he heard such testimony, than has this court. As said by him, "the circumstance that a judgment note was given upon the very day, by confession, judgment was entered thereon, that execution was immediately issued and a sale as speedily as possible had thereon, that this judgment was entered but two days prior to the filing of a bill of divorce by appellee against the defendant in such judgment, said defendant having been then separated and living apart from his wife for some ten years, coupled with the fact that the bill filed against him contained a claim that the lot was purchased and paid for by appellee, and the arrangement made in such divorce proceedings that all right, title and interest of Tunis D. Stuver in and to said lot should, in lieu of solicitor's fees and alimony, be vested in appellee," tends to raise a suspicion that the giving of the judgment note, immediate entry of judgment thereon and the agreed release by Tunis D. Stuver to appellee of all his interest in said lot, were part and parcel of an arrangement by which appellee was to be deceived and defrauded

out of her just claim for alimony, and appellant to obtain satisfaction of her unsecured claim against Tunis D. Stuver.

The question presented to us is not whether we would have found upon the evidence, as did the chancellor of the Circuit Court, but whether the evidence presented by the record is such that we can say the chancellor misapprehended the true effect and significance thereof and that we ought to reverse his conclusion upon the question of fact to him submitted.

If, as is urged, appellant had a valid claim against Mr. Stuver, she had an undoubted right to obtain from him a judgment note, to have judgment by confession thereon, and levy upon and sale of any property he owned made for the purpose of satisfying such judgment; but she could not thus acquire a valid title to property which at the time of entering such judgment, she either knew or had notice, belonged to Mrs. Stuver. Did appellant have notice that the property upon which her levy was made belonged to appellant? Appellant admits that when the suit against her was brought, she was told of appellee's claim to the property in question. This was long before she obtained her judgment note. She does not deny the testimony of appellee that she told Mrs. Stuver that the sidewalk in front of said premises was out of order, and that appellee ought to repair the same lest some one be hurt, nor that appellee did repair the same. This was long before appellant obtained her judgment.

Appellee did not at the time of entering the judgment have the legal title to said premises. Her interest, if any, was equitable. Appellee testifies that she, out of her own money, furnished $150 toward the purchase of this lot; that she paid taxes thereon for eighteen years. She produced in evidence tax receipts showing her payment of the taxes for the years 1889, 1890, 1891, 1892, 1893, 1894, 1895, 1896, 1897, 1898 and 1899, and that she redeemed the premises from the sale thereof had for the taxes of the year 1887. Mr. Stuver testified that he had not paid the taxes upon said premises since the year 1891. He testified that he paid $100 at the time of the purchase of the lot and afterward

the notes given for the deferred payment thereon. This is not inconsistent with the statement of his former wife, that she furnished $150 of the purchase price of the lot, for Mr. Stuver does not testify that he received from his wife no money to make the payments he declares that he made. If there was no understanding between Mr. and Mrs. Stuver that the lot belonged to her, or that she had an equitable interest therein aside from any dower interest which she might have, we do not see why Mr. Stuver should have ceased in 1891, according to his own testimony, to pay taxes upon the premises, nor why, for so many years, Mrs. Stuver should have been paying the taxes, taking receipts running to her; nor why, when the sidewalk in front of the premises was out of order appellant should have told appellee that she ought to have it fixed and upon such information appellee should have repaired the same.

The court below, in finding that all the material allegations of the bill are true, found that appellee was the equitable owner of the lot.

As before said, as the court below saw and heard the witnesses who testified concerning this matter, we do not feel warranted in reversing the conclusions of the chancellor as to this question of fact. The court having found that appellee was at the time of the entry of appellant's judgment the equitable owner of the premises and that appellant had notice thereof, her position as a judgment creditor is no better than it would have been had she with such notice taken title by a conveyance made by Mr. Stuver. Pom. Equity Jurisprudence, sections 591, 592, 595, 596, 597, 599, 603, 610.

That appellee was deceived, and in consequence thereof, accepted in the divorce proceedings a decree which she otherwise would not have taken, there can be no doubt. The court below having found that appellant was a party to such deception, that appellee was, prior to the entry of appellant's judgment, the equitable owner of the premises in question, and that of this fact appellant had notice before she acquired any lien upon or title to the premises, the decree of the Circuit Court is affirmed.